David Berlin (DB4333)
LAW OFFICE OF DAVID BERLIN
207 East 94th Street
Mezzanine Level
New York, New York 10128
davidberlin13@yahoo.com
Tel: 917-202-8700
Tel: 917-338-6360
Fax: 917-591-3423

John S. Wirt (PHV)
Pamela Cocalas Wirt (PHV)
WIRT & WIRT, P.A.
5 Calhoun Avenue, Unit 306
Destin, Florida 32541
mail@wirtlawfirm.com
Tel: (847) 323-4082
Fax: (314) 431-6920
*Attorneys for Plaintiffs*
*Grant Phillips and Scott B. Philips*

So ordered. The Clerk shall terminate ECF #123.

[signature]
11/2/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRANT PHILLIPS and SCOTT B. PHILLIPS,

Plaintiffs,

- against -

CITIBANK, N.A., as Co-Trustee of a Testamentary Trust of David J. Phillips, NEAL DORMAN, individually, and in his capacity as Co-Personal Representative of the ESTATE OF JOSEPH B. PHILLIPS, Co-Trustee of a Testamentary Trust of David J. Phillips, IRA SHAPIRO, in his capacity as Co-Personal Representative of the ESTATE OF JOSEPH B. PHILLIPS, Co-Trustee of a Testamentary Trust of David J. Phillips, LIGHTSTONE ACQUISITIONS III, LLC, LSG 365 BOND STREET LLC, and THE LIGHTSTONE GROUP, LLC,

Defendants.

---

CASE NO. 16-cv-3452 (AKH)

PLAINTIFFS' NOTICE OF WITHDRAWAL WITHOUT PREJUDICE OF PLAINTIFFS' MOTION TO CONSOLIDATE, LIFT STAY PURSUANT TO ABSTENTION ORDER, AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On September 30, 2020, Plaintiffs (the "Phillips Brothers") filed a MOTION TO CONSOLIDATE, LIFT STAY PURSUANT TO ABSTENTION ORDER, AND FOR LEAVE

TO FILE SECOND AMENDED COMPLAINT (ECF No. 123) (collectively, the "Consolidation Motion"). The Phillips Brothers now file this Notice to inform the Court and opposing counsel that they are withdrawing the Consolidation Motion at this time, without prejudice to the Phillips Brothers' right to re-file all or a portion of Consolidation Motion at a later date, for the following reasons:

1. On October 30, 2020, the plaintiffs (collectively, "Lightstone") in *The Lightstone Group, LLC, et al. v. Phillips, et al.*, Case No. 20-cv-6051 (AKH)) ("Lawsuit 2") filed an amended complaint (1:20-cv-6051 ECF No. 28) (the "FAC") which joins as additional defendants the attorneys for the Phillips Brothers, David Berlin, John S. Wirt and Pamela Cocalas Wirt. The FAC raises myriad legal issues, including the fundamental jurisdictional issue that joinder of David Berlin, whom the FAC alleges "upon information and belief, is a citizen of New York," *FAC ¶15*, would – if the Court finds that Mr. Berlin is indeed a citizen of New York[1]-- destroy diversity in Lawsuit 2 as two of the Lightstone plaintiffs are also citizens of New York.[2] *Id. ¶¶9 and 10*. Consolidation of Lawsuit 2 with this action ("Lawsuit 1") would therefore also destroy diversity in Lawsuit 1. The defendants in Lawsuit 2 intend to file a motion to dismiss the FAC and for leave to seek sanctions. *See, Levitin v. Miller, 1994 U.S. Dist. LEXIS 9701, 1994 WL 376078 (SDNY, July 14, 1994)* (dismissing claims for malicious prosecution, prima facie tort, and abuse of process

---

[1] Mr. Berlin has been living with his family in Israel since August 30, 2020 and has rented a home there until June 2022. On August 30, 2020, Mr. Berlin became an Israeli citizen. While he still maintains an office and apartment in New York and is still a US citizen, it is presently his intention to remain in Israel with his family.

[2] Among other issues, the apparently hastily drafted FAC (i) fails to set forth the basis for the Court's subject matter jurisdiction as required by Fed. R. Civ. P. 8(a) (a claim for relief "**must contain**: (1) a short and plain statement of the grounds for the court's jurisdiction"), (ii) fails to address the fact that the Phillips Brothers' former counsel of record, New York counsel John Magliery of Johnson Gallagher Magliery LLC, signed the original complaint, the amended complaint and the first Notice of Pendency and his associate at the time, attorney Shannon Fields, was also counsel of record for the Phillips Brothers, and (iii) should have been brought on by way of motion. *Whitworth v. TNT Bestway Transp. Inc.*, 914 F.Supp. 1434, 1435 (E.D. Tex. 1996) ("When an amendment will destroy diversity, leave of court is required even though the existing defendant, … had not yet filed responsive pleadings. 'A party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.' *6 Wright, Miller & Kane, Federal Practice & Procedure: Civil, § 1447 at 562 (2d ed. 1990); see also Horton v. Scripto-Tokai Corp.*, 878 F.Supp. 902 (S.D.Miss.1995).")

brought against the attorneys for an unsuccessful litigant in an earlier action that included the filing of an allegedly improper *lis pendens* and granting the defendant attorneys leave to apply for sanctions). The issues raised by the FAC, which will be addressed in the motion to dismiss being filed by the defendants in Lawsuit 2, may, depending on how the Court rules, render the Consolidation Motion made here in Lawsuit 1 moot.

2. Also on October 30, 2020, Defendant Citibank filed a status report (ECF No. 130) with the Court regarding the pending Surrogate's Court proceedings. In its report, Citibank states that,

> the Surrogate's Court attorney assigned to the matter, Ms. Mary Santamarina, informed counsel that her desk had been cleared so that she could devote her attention to addressing each of the pending motions and that she is actively working on them. The Surrogate's Court will issue its decisions on the pending motions as soon as practicable. Those decisions once rendered may preclude, in whole or in part, claims and issues in this proceeding.
> Accordingly, we respectfully request this Court's patience as we await the Surrogate's Court's decisions.
> Additionally, subsequent to the conference, the sole opposition to the Phillips' motion for leave to amend their objections was withdrawn by Neal Dorman, rendering the motion moot and freeing up the Surrogate's Court to address the remaining pending motions.

Importantly, Citibank did not advise the Court that it intended to file a motion to dismiss the Phillips Brothers' amended objections, which Citibank had previously informed the Phillips Brothers it would do if the Surrogate's Court granted their motion to amend their objections and which would, as Citibank had threatened, result in a further 3 to 5 year delay in the Surrogate's Court proceedings. The omission of a statement to the Court that it intended to file a motion to dismiss, given counsel's duty of candor to the Court, would seem to mean that Citibank no longer intends to further delay the Surrogate's Court's proceedings by filing such a motion. While the Phillips Brothers are not entirely convinced that the other interested parties in the Surrogate's Court's proceedings will not interpose more procedural maneuvers which will result in another inordinate delay, they accept Citibank's representations. The Phillips Brothers merely desire to

3

have their day in court and do not desire to litigate this matter in two forums simultaneously, particularly since Citibank's massive legal fees, which are presently being paid for by the trust of which the Phillips Brothers are the remainder beneficiaries, would be unnecessarily increased.

For the foregoing reasons, the Phillips Brothers are withdrawing the Consolidation Motion without prejudice to their right to renew all or a portion of it should it turn out that the Surrogate's Court's proceedings are nonetheless again being inordinately delayed.

Dated: November 1, 2020            Respectfully submitted,

                                               WIRT & WIRT, P.A.

By:   /s/ John Wirt
John S. Wirt, Esq. (PHV)
Pamela Cocalas Wirt, Esq. (PHV)
WIRT & WIRT, P.A.
5 Calhoun Avenue, Unit 306
Destin, Florida 32541
Tel: (847) 323-4082
Fax: (314) 431-6920
mail@wirtlawfirm.com

David Berlin (DB4333)
LAW OFFICE OF DAVID BERLIN
207 East 94th Street
Mezzanine Level
New York, New York 10128
Tel: 917-202-8700
Tel: 917-338-6360
Fax: 917-591-3423
davidberlin13@yahoo.com

*Attorneys for Plaintiffs*
*Grant Phillips and Scott B. Phillips*